Laurent *v.* The State of Kansas.

Louis Laurent, Appellant, *vs.* The State of Kansas, Appellee.

When the record shows that the indictment was presented by the grand jury in open court, it will be inferred that it was done according to law, through their foreman. But it would not affect the accused if it was handed in by any other member of their body, in their presence. A technical defect like this would be disregarded under section two hundred and seventy-six of the criminal code.

The evidence which the law requires, to show a concurrence of the requisite number of the grand jury in finding the verdict, is the indorsement of " a true bill " thereon, and the signature thereto of the foreman. (§ 77, *Crim. Code.*)

An averment in an indictment as follws : " That Louis Laurent did on," &c., " at," &c., " unlawfully and knowingly sell, exchange, give, barter and dispose of to one Check-wah, then and there being an Indian of the Potawatomie tribe and nation, and not a citizen of the United States, nor of the state of Kansas, certain spirituous liquors and wines, to wit : One pint of whisky, one pint of brandy and one pint of wine, the same not having been directed by any physician for medical purposes or otherwise," charges an offense in the language required by law, and contains all the negative averments required by the statute. Sufficient appears to describe the crime and the person charged, and to enable the court to pronounce judgment upon a conviction, and that judgment could be pleaded in bar of any subsequent prosecution for the same offense.

The sixteenth section, article three, of the constitution was intended solely for the government of the legislature that should convene under it, and not as a rule for the construction of statutes passed before the constitution went into effect.

The facts shown in the record appear in the opinion of the court.

No briefs or names of attorneys for either party have been obtained by the reporter.

By the Court, Kingman, J. Laurent was indicted for selling liquor to an Indian, in violation of the law approved. February 27th, 1860; was found guilty, and brings the case to this court for revision.

The errors alleged are, that the court erred in refusing to quash the indictment, and in refusing to arrest the judgment. The reasons urged for arresting the judgment are included in those for quashing the indictment, and will be considered and disposed of in examining the latter.

The defects urged to the indictment are :

First. That the record does not show that the grand jury presented the indictment to the court by their foreman in their presence.

Second. That it does not appear that twelve grand jurors concurred in finding the indictment.

Third. That the name of the accused is not inserted in the charging part of the indictment, but only appears in the presenting part.

Fourth. The want of sufficient certainty in charging the offense.

Fifth. The want of the necessary negative averments.

Sixth. That the indictment contains no charge against the defendant, constituting a public offense.

The first objection cannot be sustained. The record shows that the indictment was presented by the grand jury in open court, and filed. The law requires that the indictment found by a grand jury shall be presented by their foreman, in their presence, to the court. It might well be inferred from the record that that body acted through their proper officer, the foreman. But it is unimportant, as it could make no difference to the accused whether it was handed in by the foreman or some other member of the body in their presence. The defect, if it be one, is technical, and cannot be regarded by this court. (*See Code Crim. Pro.*, § 276.)

The second objection grows out of a mistake of counsel as to the fact.

The indictment on its face shows it to be the act of the jury, and not a part of it; and it is indorsed " a true bill," and signed by the foreman. This is the evidence the law

requires to show a concurrence of the requisite number of the grand jury in the finding. (*See Code Crim. Pro.*, § 77.)

That part of the indictment which is alleged to be bad by the third, fourth and fifth reasons, is as follows:

"That Louis Laurent did on," &c., "at," &c., "unlawfully and knowingly sell, exchange, give, barter and dispose of to one Check-wah, then and there being an Indian of the Potawatomie tribe and nation, and not a citizen of the United States nor of the state of Kansas, certain spirituous liquors and wines, to wit: One pint of whisky, one pint of brandy and one pint of wine, the same not having been directed by any physician for medical purposes or otherwise."

It will be seen that the accused, by one continuous sentence, is directly charged with the offense. That the offense is stated in the language of the law, and all the negative averments required by the statute are explicitly stated. Sufficient appears to describe the crime and the person charged. The accused was clearly notified that he would be tried for "disposing of" spirituous liquors in violation of law, and with such a degree of certainty that the court could pronounce judgment upon a conviction, and that judgment could be placed in bar of any subsequent prosecution for the same offense. This is what is required by the code.

The counsel for appellant claims that the negative averment that the Indian, to whom the liquor was disposed of, was "not a citizen of the United States nor of the state of Kansas," is not sufficient, as the law was passed by the territory, and an Indian might have been a citizen of the territory and not of the state; as in the territory certain Indians who had been declared citizens, by treaty, were allowed to vote, while, under the constitution, no citizen can vote but whites. This grows out of the error of confounding citizenship with the elective franchise: two very different rights in their origin and privileges. The state may well declare who of her citizens shall exercise the right of suffrage. All the states have con-

fined it to the male portion of their citizens over a certain age, and many states have further limited it at various times, and by such conditions as to them seemed proper; sometimes by requiring a property· qualification or requiring a certain continued residence. But those thus deprived of the elective franchise were none the less citizens. While in some states the right of suffrage is conferred upon those who are not citizens.

· The sixth objection is based upon the ground that the title of the act under which the indictment was found, does not clearly express the subject of the law, and is therefore inconsistent with the sixteenth section of article three of the constitution, and was not continued in force by the fourth section of the schedule. This section of the constitution was intended solely for the government of the legislature that should convene under it, and not as a rule for the construction of statutes passed before the constitution went into effect. See *Allbyer vs. The State of Ohio,* (10 *Ohio S. R., p.* 588,) where this principle is stated and settled.

It is further urged that the phrase, " within this territory," in the law, cannot be construed to mean within this state. It may be true that it does not necessarily appear that "in this territory" is an equivalent phrase for " in this state;" but the indictment charges the offense as having been done in the state, and to an Indian not a citizen of the state, and it can make no odds where he was from, whether in the state or in that part of the territory not embraced in the limits of the state, or elsewhere.

Wherefore, the judgment of the court below is affirmed, and judgment given against the appellant for costs in this court.

All the justices concurring.