JOHNSTON *v.* THE STATE, 7 Smedes & Marshall, 58.

### UNLAWFUL GAMING.

A grand jury composed of twelve men of the panel summoned under the *venire facias*, being all who were in attendance of the panel, and two by-standers summoned by the sheriff, under an order of the court, constitute a good and legal grand jury. The case of Dowling v. the State, 5 S. & M., 664, cited and confirmed.

In an indictment under the act "further to suppress and discourage gaming" (Act of 1839, ch. 26), it is not necessary to state the particular game of cards played; it being sufficiently definite for all reasonable or legal purposes to charge that the defendant "did play at a game of cards for money."

Error to the circuit court of Hinds county.

The defendant, Peter G. Johnston, was indicted by the grand jury of Hinds county; the indictment charged, "That Peter G. Johnston, late of the county of Hinds, aforesaid, laborer, on the 30th day of May, A. D. 1843, in, etc., did play at a game at cards for money, contrary to the form of the statute." Verdict, guilty; sentence, a fine of twenty dollars. The bill of exceptions in the record shows the following facts, to wit: On the call of the regular *venire*, but twelve persons summoned, answered; whereupon the sheriff, under the order of the court, summoned two by-standers, who, together with the twelve *venire*-men, were sworn and charged as a grand jury, etc. On the trial the state proved that at sundry times in 1842 and 1843, defendant had played at games of cards, at Cayuga, in said county; playing, as witness considered it, for pastime or amusement; the game was usually seven-up, and the bet from a dime per game to several dollars, which was generally laid out in a treat. This being all the evidence, the defendant asked the court to instruct the jury, "that they ought to find for the defendant." The court refused and defendant excepted. The defendant moved the court to arrest the judgment, but the motion was overruled.

*Daniel Mayes* for the plaintiff in error.

1st. The indictment should have been quashed, because there was no grand jury, legally empanelled and constituted, and cited Laws of Mississippi, from 1824 to 1838; Nay's Maxims, 9th ed., p. 4; Staniland v. Hopkins, 9 M & W., 192; Devarris on Statutes, 48; Rex v. Daniel, 5 B. & C., 569; Rex v. Ramsgate, 6 B. & C., 712; Rex v. Inhabitants of Great Bentley, 10 B. & C., 527; Best, J., in 3 Bing.; 196.

2d. The indictment is bad on its face, because it does not charge the general name of the game at which the defendant may have played. If the statute dispenses with all identifications of the offense, it is unconstitutional. 10th sec. 1st art., Cons. of Miss.; 3 Story's Com. on Const., 661; 2 Kent's Com., 3d ed., 12; Const. of Miss., sec. 12, art. 1; 2 Russell on Cr., 659; 3 Story on Const., 658, 662.

*Franklin Smith* for the state.

Indictments making the charge in the language of the statute creating the offense, in general language, are good. 6 Cowen, 293, 296; 12 Wend., 431; King v. Holden, Crown Cases, Reserved, 116; see also Noonan v. The State, 1 S & M., 562, 563; 1 Chit., 281, 282, 286, 288; 3 Gill & John. Rep., 310, 311.

At common law the *forms* require the species of game to be stated; to obviate this, the statute, How. &. Hutch., 684, sec. 85, was passed, which declares that it shall be sufficient to charge the general name of the game. There are three general names mentioned in the 79th section, to wit: cards, dice, and billiards.

This court, in Noonan v. The State, 1 S. & M., 562, ruled that it was not necessary to state, in the indictment for a violation of the license law of 1842, the *kind* of spirits sold, or the *name* of the master. These acts against unlawful gaming are remedial, not penal statutes, and should be therefore liberally construed. 6 Cowen, 693 · 15 Wend., 280. See same act, sec. 85; 1 Chitty, 303. The sole point in this case is, is the law, How. & Hutch., 684, sec. 85, constitutional? And upon this point, sec. 1 S. & M., 562.

THACHER, J.:

The plaintiff in error was indicted in the Hinds county circuit court, under the act of 1839, ch. 26, entitled "an act further to suppress and discourage gaming." A verdict of guilty was rendered upon the indictment.

The first point made in the case was considered and decided by this court in the case of Thos. Dowling v. The State, 5 S. & M., 664. This point had reference to the mode in which the grand jury were empanelled, and was determined unfavorably to the position assumed by the plaintiff in error in this case.

Another point in this case is made as to the sufficiency of the indictment. The indictment charges that the defendant " did play at a game at cards for money." It is objected that this description of the offense is not sufficiently certain, and that it should have set forth the name of the game at cards played by the defendant. The statute H. & H., 683, § 79, enacts that, "if any person or persons shall encourage or promote any game or games, or shall play at any game or games at cards, etc., for money," etc.; and the same statute, H. & H., 684, § 85, provides, that in all cases arising under this or any other act to suppress gaming, it shall be sufficient to charge the general name of the game at which the defendant may have played, without setting forth or describing with or against whom he may have played or bet. In Tennessee, the statute against gaming, Act 1799, ch. 8, § 2, is nearly word for word similar to that of Mississippi. In the case of Dean v. The State of Tennessee, Martin & Yerg. R., 1, 127, the indictment charged that Dean " did unlawfully encourage and promote a certain unlawful game and match at cards for money, and unlawfully did play for and bet money at the said game and match at cards," etc. An objection was raised to the insufficiency and uncertainty of the charge in the indictment, in not specifying the particular game played at for money, and the amount of money bet. The court held the allegation in the indictment to be sufficient. In the case of Montee v. The Commonwealth, 3 J. J. Marshall's R., 135, it was decided that the word " cards " identifies the specific game played, and that the individual game of cards played need not be stated.

We are disposed to think that the allegation in the indictment that the defendant " did play at cards for money," is sufficiently defined for any reasonable or legal purpose; for " it may be," as was said by Judge Peck, in the case quoted above, from Martin & Yerger's Reports, " that adepts at gaming play for money without any game, where their invention for names has been exhausted." [1]

Judgment affirmed.

[1] On the point here decided, see Webster v. State, 8 Blackford, 400; Ewbanks v. State, 5 Mo., 450; State v. McBride, 8 Humph., 66; Commonwealth v. Crupper, 3 Dana, 466; State v. Ross, 7 Blackf., 322.