## THE STATE OF KANSAS v. PETER MARSH.

GRAND JURY; *Irregularity in Calling.* While a grand jury should only be called by order of the district court, yet when one has been called by order of the judge in vacation, and has been impanneled, charged and sworn by the court, it is a *de facto* grand jury, and under section 79 of the Code of Criminal Procedure no objection is good to an indictment presented by it on account of the manner of its organization, which does not imply corruption in such organization.

### Appeal from Mitchell District Court.

ON the 13th of January 1874 the judge of the Mitchell district court, in vacation, made and transmitted to the county clerk, an order, the body of which is as follows:

"You are requested hereby to draw from the jury box of said county, according to law, the names of fifteen persons to serve as Grand Jurors for the ensuing April Term of the district court of said county."

Pursuant to this order a grand jury were drawn and summoned. By act approved March 3, 1874, (laws of 1874, p. 93,) the spring term of the district court for Mitchell county

was changed from April to the fourth Monday of March —
on which day said court convened, and said grand jury was
impanneled and sworn. Said jury returned twenty-nine bills
of indictment, one of which was against the defendant *Marsh*,
for selling intoxicating liquors without license. At the Au-
gust Term 1874 of said district court the defendant was tried
and convicted of the offense charged in said indictment, and
he now brings the case here by appeal. (The case was heard
in this court in October, 1874, at an adjourned session of the
July Term.)

*H. & L. Cooper*, and *A. J. Banta*, for appellant:

The grand jury finding and presenting the indictment in
this case, was drawn and summoned by authority of a written
request of the judge of the district court made at chambers,
and addressed to the county clerk. The power to order grand
juries to be drawn and summoned to attend the sittings of
the district court, is by statute vested in *the court* only;
and a body of fifteen men drawn and summoned by authority
of a request of *the judge* at chambers, is not a legally consti-
tuted grand jury, and its proceedings are absolutely void.
Gen. Stat., p. 833, § 73; p. 535, § 9; p. 538, § 24. The
judge at chambers can only exercise the powers given by
law. (Const., § 16 of art. 3.) The power to order a grand
jury to be drawn and summoned was at one time by law
vested in the judge of the district court at chambers; (Laws
1864, § 7, p. 113;) but this section was amended by the law
now in force, which gives the power to order a grand jury to be
drawn and summoned to the court alone. (Gen. Stat. 1868,
§ 73, p. 833.) The change in the language of the statute
shows clearly that the intention of the legislature was to take
the power from the judge of the district court at chambers,
and give the power to the court in term time.

The district court seems to have thought that the grand
jury was not properly ordered, but held it to be a mere irreg-
ularity in their selection not amounting to corruption, deciding
on § 79 of the criminal code. Here we think the court erred.

That section is not applicable to the question here raised. This is not a question of the irregular exercise of a power given by law; but the question here raised is, is the power which has been exercised given by law to the judge at chambers? The court could not acquire jurisdiction by an indictment presented by a grand jury the proceedings of which were absolutely void. 4 Blackf., 73; 7 Blackf., 19, 347; 6 Blackf., 104; 3 Kas., 263; 1 Bishop Crim. Proc., § 749.

*Clark A. Smith*, county-attorney, for The State:

Two questions are raised: First, Has the judge of the district court in vacation, or at chambers, power to order the drawing of a grand jury? Second, If the judge has not such power under the law, but nevertheless makes such an order, and a grand jury is regularly drawn, impanneled, sworn and charged, and such grand jury proceeds regularly to find sundry indictments, is it is such an irregularity as to avail a defendant so indicted, on a plea to the jurisdiction of the court, or in abatement?

By ch. 76, laws of 1873, the spring term of court was fixed for April; by ch. 60, laws of 1874, it was changed to March. Under § 2 of the act last mentioned, (laws of 1874, p. 94,) if this grand jury would have been a legally constituted grand jury for the April term, had no change been made in the law, it certainly was a legal grand jury for the March term, as changed. The objections of the appellant are founded entirely on § 73 of the criminal code, which provides that no grand jury shall be drawn unless ordered by *the court*. And it is claimed, that the order for the drawing of the grand jury which found the indictment in this case, being made by the judge of the court in vacation, was absolutely void, and that all proceedings of the grand jury drawn in pursuance of such order are void. We submit that such proceedings are not void, but valid. (9 Mass., 107; 3 Wend., 314.) It was but an irregularity in the drawing or selecting the grand jury; and as this irregularity did not amount to corruption, the

district court did not err in overruling the appellant's motions to quash the indictment, and for the arrest of judgment.

The opinion of the court was delivered by

BREWER, J.: The defendant was indicted by the grand jury at the March Term of the district court of Mitchell county. He objected that the grand jury was not legally constituted, and raised this objection by a plea to the jurisdiction, a plea in abatement, a motion to quash the indictment, and a motion in arrest of judgment; so that if the objection was well taken he placed himself in a proper position to avail himself of it. The grand jury was drawn in pursuance of an order made by the judge of the district court in vacation. The record shows that on the first day of the term such jury was duly impanneled, sworn and charged. The statute provides that "Grand juries shall not hereafter be drawn, summoned or required to attend the sittings of any court in any county in this state, unless ordered by the court." Crim. Code, § 75, Gen. Stat., page 833; and see also, Gen. Stat., p. 535, § 9; p. 538, § 24; p. 835, § 89. Was this grand jury properly constituted? and if not, was the defect fatal to the indictment? Section 79 of the criminal code provides that "no plea in abatement, or other objection, shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity, in the opinion of the court, amounts to corruption, in which case such plea or objection shall be received." It is claimed by counsel for appellant that a grand jury is created only by the order of the *court*, and that without such order it has no legal existence; and that the section last quoted refers simply to the manner in which the order for its creation is executed, and not to the order itself. We think the section is broader in its scope, and that it includes everything antecedent to the impanneling of the jury. The section first quoted is a restriction on the calling, not the impanneling of the jury. The jury is impanneled and charged by the court, so that thereby the court recognizes that body as a valid and legal grand

jury.   And we think this section means, that whatever body is duly charged and sworn as a grand jury, and recognized as such by the court, is to be taken, like any other officer or tribunal, as a *de facto* jury, whose acts are valid as to the public; and that no objection to the manner of its creation will be recognized unless it be one that implies corruption. A *de facto* prosecuting attorney, legally prosecutes; a *de facto* judge, legally tries and sentences; and a *de facto* grand jury may with equal propriety legally indict.

The legislature has elsewhere used this word "selection," as embracing the order for the grand jury as well as the manner of its execution.   Ch. 54 of the Gen. Stat. is entitled, "An act providing for the selection and summoning of grand and petit jurors;" and §§ 21, 23 and 24 provide for the orders of the court or judge.

There being no other question presented, the judgment of the district court must be affirmed.

—It is understood that another case against the same defendant, and the cases of *The State v. Seright*, and *The State v. Lowry*, brought to this court by appeal, and now pending here, involve only the same question, and must be decided in the same way.

All the Justices concurring.