The State v. Miller.

## THE STATE OF KANSAS v. GEORGE L. MILLER.

1. IMPANELING JURY; *Discretion of Court.* A trial court in impaneling a jury to serve in a particular case should have and has a very extensive and almost unlimited discretion in discharging a person called to serve on the jury, who might, in the opinion of the court, not make the fittest or most competent person to serve on that jury. But this rule should not be applied in retaining jurors.

2. ———— *Incompetent Juror.* Where a person who is called to serve as a juror in a criminal case, shows by his own oath upon his *voir dire* that he has formed and entertains an opinion with reference to the guilt or innocence of the defendant, and that he has no doubt as to the correctness of his opinion; and that such opinion would remain until removed by evidence; but the juror also, at the same time, states that his opinion is founded on rumor; that he has no bias or prejudice against the defendant; that he would be governed entirely by the evidence in making up his verdict; and that he believes he could try the case impartially: *Held,* That such a person is not a competent juror for that case.

## Appeal from Davis District Court.

ACTION brought by *The State* against *Miller*, for maintaining a common nuisance. At the March Term, 1882, of the district court, the defendant was tried, found guilty, and sentenced to pay a fine of $250 and the costs of the prosecution, and to stand committed to the county jail until the fine and costs were paid. From this judgment *Miller* appeals. The nature of the action, and the facts, appear in the opinion.

*McClure & Humphrey*, and *James Ketner*, for appellant.

*J. H. Franklin*, county attorney, and *W. J. Franklin*, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution, brought by the state of Kansas against George L. Miller, in which the defendant was charged with keeping and maintaining a common nuisance, to wit, a place where intoxicating liquors were illegally kept for unlawful sale, barter and use, and without any permit therefor, and contrary to the statute in such cases made and provided. The action was commenced before a justice of the peace, and was afterward taken on appeal to the district court, where the case was again tried, before the court and a jury, and the defendant was found guilty, and sentenced to pay a fine of $250 and the costs of the prosecution, and to stand committed to the county jail until the fine and costs were paid. The defendant now appeals to this

court, and claims that three material and substantial errors were committed by the court below, to wit:

"*First,* In excluding John Estlinbaum from the jury, upon the challenge of the state.

"*Second,* In overruling the defendant's challenge to John Hay.

"*Third,* In overruling the motion for a new trial, and rendering judgment upon the verdict of the jury, notwithstanding the fact that the verdict is not sustained by sufficient evidence."

The first ground for error is founded upon the ruling of the court had upon the examination of John Estlinbaum, who was called and examined for the purpose of ascertaining his competency to serve as a juror in the case. The examination and ruling are as follows:

"John Estlinbaum, being sworn on his *voir dire,* testified: 'I live in Junction City, Davis county; have lived here a number of years; know the defendant, George L. Miller; have heard of this case; have formed an opinion upon it; have not expressed an opinion; know nothing about the facts in the case; I was absent in Colorado during all the time covered by the complaint, viz., from October 1st to December 15th; returned about six weeks ago to Junction City. My opinion is formed upon rumor; it would take some evidence to remove it, but I could try the case impartially as a juror. I have not been doing business in Kansas since the 1st day of May, 1881. I have not been employed by the defendant since that time, except about three days assisting in moving a house for him. Had tended bar for him a short time prior to May 1, 1881.'"

This was all the evidence introduced as to the competency of the juror. The court sustained the challenge of the state, and discharged the juror, to which ruling of the court the defendant excepted. We do not think that the court below committed any substantial error as against the defendant, for, although it may be that Estlinbaum was not so absolutely incompetent to serve as a juror that the court below would have committed material error by permitting him to serve as a juror, yet it cannot be doubted but that twelve men more competent could easily have been found and obtained to serv-

on the jury. We think that a trial court has, and should have, a very extensive and almost unlimited dis-

1. Impaneling jury; discretion of court.

cretion in discharging a person called to serve on a jury, who might, in the opinion of the court, not make the fittest or most competent person to serve on the jury in the particular case. We can hardly see how the court could commit substantial error by discharging any person from the jury, when twelve other good, lawful and competent men could easily be had to serve on the jury. (*Stout v. Hyatt*, 13 Kas. 232; *A. T. & S. F. Rld. Co. v. Franklin*, 23 Kas. 74.) There is an immense difference between discharging a juror, and retaining him. To discharge him can seldom, if ever, do any harm; while to retain him, if his competency is doubtful, may do an immense injury to one party or the other. Hence the same rule as to competency should not govern in discharging a juror that should govern in retaining him.

The second ground of alleged error is, the action of the court below in overruling the defendant's challenge to John Hay as a juror. The evidence with respect to John Hay's competency to serve as a juror is as follows:

"John Hay being called as a juror in this case, and being sworn upon his *voir dire*, testified: 'I reside in Davis county; am a citizen of the county. I am acquainted with the defendant, Miller. I was called as a juror in this case upon the trial of it before the justice of the peace, and I was peremptorily challenged by the defendant at that time. I have an opinion in my mind as to the guilt or innocence of the defendant upon the charge in the complaint in this case; I have no doubt as to the correctness of my opinion; this opinion would remain until removed by evidence. I have not expressed an opinion. Opinion founded on rumor. I have no bias or prejudice against the defendant, and would be governed entirely by the evidence in making up my verdict. I believe I could try the case impartially.'"

This was the only evidence tending to show the competency or incompetency of the juror. The court overruled the defendant's challenge, and the defendant excepted. The

defendant afterward challenged Hay peremptorily, and in doing so exhausted all of his peremptory challenges. Was Hay competent to serve on the jury? We do not think that he was. Every person charged with a criminal offense, in Kansas, has a right to be tried "by an *impartial* jury." (Const., Bill of Rights, § 10.) Now is a juror who possesses an opinion with respect to the guilt or innocence of the accused, and who has "no doubt" as to the correctness of his opinion, an "*impartial*" juror? And is a juror who, having such an opinion, and who would continue to entertain the same until it should be removed by evidence, an impartial juror? Suppose that this opinion was that the defendant was guilty: then, would it be possible for the juror to *presume* that the defendant was *innocent*, until the contrary was proved? Would he not rather presume that the defendant was *guilty*, until the contrary was proved? Section 228 of the criminal code requires that every defendant in a criminal prosecution shall be "presumed to be innocent, until the contrary is proved." Would the juror, in the case supposed, be competent under this section? Besides, § 205 of the criminal code provides that "it shall be a good cause for challenge to a juror that he has *formed* or expressed an opinion on the *issue*, or *any material fact* to be tried." Now would the juror, in the case supposed, be competent under this section? But it may be said that the opinion of the juror in the present case was founded merely upon rumor. Now there is nothing in the constitution, or in the statutes, providing, or even intimating, that a juror who has formed an opinion upon rumor only may be competent to serve in the case. It may also be said, in the present case, that the juror stated upon his *voir dire* that he had no bias or prejudice against the defendant, and would be governed entirely by the evidence in the case in making up his verdict, and that he believed that he could try the case impartially. The juror was probably sincere in stating this; and he probably could state the same again with the same sincerity, even though he may have heard all the evidence introduced on

<div style="float:left">2. Incompetent juror.</div>

the trial of the case.   Indeed, it is probable that every juror who tried the case could honestly state, if called upon to try the case again, that he believed that he had no bias or prejudice against the defendant, and would be governed entirely by the evidence in making up his verdict; and that he believed that he could try the case impartially.   Men are seldom conscious of being biased or prejudiced, or of being in such a condition that they could not try any case impartially, and be governed entirely by the evidence introduced on the trial of the case.

The fact, in the present case, that the juror had an opinion with respect to the guilt or innocence of the defendant, and that he had *no doubt* as to the correctness of his opinion, and that his opinion would remain until it should be removed by evidence, was sufficient to render the juror incompetent to serve in the case; and we think that the court below erred in overruling the defendant's challenge to the juror for cause. With this view of the case, it is unnecessary to consider the other ground of alleged error.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

HORTON, C. J., concurring.

BREWER, J.: I concur in the foregoing opinion, but desire to add, in order to guard against any possible misconception, that the court does not depart from the rule of qualification of a juror, laid down in the *Medlicott Case*, 9 Kas. 257.   The statement of the juror, that "he had no doubt of the correctness of his opinion," indicates a settled conviction, a fixedness of belief, which is something very different from the mere impression, the evanescent opinion which every man receives and forms from hearing or reading any statement of a transaction.   Where a man has settled down to a positive and clear conviction, one of whose correctness he has no doubt, he cannot be said to come to a hearing of the testimony in an impartial condition of mind.   Such a condition, it seems to me, was disclosed by this juror, and therefore I think he ought to have been set aside.