## THE STATE OF KANSAS v. CHARLES B. DONALDSON.

INDICTMENT — *Plea in Abatement* — *Legal Grand Jury.* An indictment was found by a grand jury composed of two jurors whose names did not appear on the assessment-rolls of the preceding year, and other jurors who resided in a city of the second class and who had not yet registered for that year as voters, and still other jurors, against whom no objections could be urged and no corruption is shown or claimed. *Held,* That on a plea in abatement it must be held that the grand jury was a legal and valid jury.

### *Appeal from Rice District Court.*

PROSECUTION for a violation of the prohibitory liquor law. From a conviction at the January term, 1889, the defendant *Donaldson* appeals.

*Diffenbacher & Banta,* and *Lasley & Borah,* for appellant.

*L. B. Kellogg,* attorney general, and *J. W. Brinckerhoff,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution against Charles B. Donaldson for selling intoxicating liquors in violation of law. The prosecution was based upon an indictment found by the grand jury on January 10, 1889. The defendant filed a plea in abatement, which upon the hearing thereof upon its merits was overruled by the court. Afterward the case was tried upon its merits before the court without a jury, a jury having been waived, and the court found the defendant guilty upon the first count of the indictment, and sentenced him to pay a fine of $100, and to be imprisoned in the county jail thirty days; and from this sentence the defendant appeals to this court.

The only question presented to this court is, whether the court below erred or not in overruling the defendant's plea in abatement. The plea was tried upon an agreed statement of facts, which showed among other things that the names of

two of the grand jurors appeared upon the assessment-rolls
of the preceding year in the list of residents, but did not ap-
pear anywhere else on such assessment-rolls, nor did such
jurors appear to have been assessed for that year. The agreed
statement of facts also showed that others of the jurors were
residents of the city of Lyons, a city of the second class, and
that they had not yet registered as voters at the time when
they served as grand jurors.

The only grounds urged for a reversal in this case are, that
the names of two of the grand jurors did not appear on the
assessment-roll of the preceding year; that some of the other
jurors resided in a city of the second class, and that they had
not yet registered for the year 1889 as voters. The indict-
ment was found on January 10, 1889. It seems to be admit-
ted that all the grand jurors were competent in every other
respect, and that, except for the irregularities above mentioned,
they were regularly drawn, summoned, impaneled, and sworn.
Section 79 of the criminal code reads as follows:

"SEC. 79. No plea in abatement, or other objection, shall be
taken to any grand jury duly charged and sworn, for any al-
leged irregularity in their selection, unless such irregularity,
in the opinion of the court, amounts to corruption, in which
case such plea or objection shall be received."

In the case of *The State v. Marsh*, 13 Kas. 596, 600, the
court, in commenting upon this section, used the following
language:

"And we think this section means, that whatever body is
duly charged and sworn as a grand jury, and recognized as
such by the court, is to be taken, like any other officer or tri-
bunal, as a *de facto* jury, whose acts are valid as to the public;
and that no objection to the manner of its creation will· be
recognized unless it be one that implies corruption. A *de
facto* prosecuting attorney legally prosecutes; a *de facto* judge
legally tries and sentences; and a *de facto* grand jury may
with equal propriety legally indict."

The decision of this court in the case of *The State v. Skin-
ner*, 34 Kas. 256, seems to be conclusive upon the question
now presented. In that case it seems that the names of some

of the grand jurors were not found upon the assessment-rolls of the previous year, but it was nevertheless held that although in that regard the essential provisions of the statute were disregarded, yet that such disregard was not a sufficient ground upon which to sustain a plea in abatement unless it be further shown that such disregard amounted to actual corruption; and it was held that such was not the case. See also the cases of *Montgomery v. The State*, 3 Kas. 263; *In re Tillery, Petitioner*, ante, p. 188; same case, 23 Pac. Rep. 162; and *The State v. Copp*, 34 Kas. 522. Since this last-mentioned case was decided, § 74 of the criminal code has been amended so that the judge now—instead of the sheriff, as formerly—selects the talesmen to fill up the grand jury. (Laws of 1887, ch. 167, § 2; Gen. Stat. of 1889, ¶ 5138.)

The defendant refers to the case of *The State v. Jennings*, 32 Kas. 477, but that case is not applicable. Nothing was decided in that case with reference to the selection or the validity of a grand jury. It has reference solely to the validity of a petit jury, and the question was raised in that case before the jury acted, and even before they commenced to act, and not afterward as in this case. Section 79 of the criminal code can have no application to petit juries, and there is no section of any statute that has any such sweeping force in curing irregularities in the drawing, summoning or impaneling of petit juries as § 79 of the criminal code has with reference to the drawing, summoning, impaneling, swearing and the actions of a *de facto* grand jury which has found an indictment, and with reference to such indictment. But even where a petit jury has acted and found a verdict, the fact that one of the jurors was not a qualified elector for the reason that he had not resided in the state six months—this fact not being known until after verdict—will not render the verdict invalid nor even so irregular as to require a new trial. (*The State v. Hinkle*, 27 Kas. 308.)

The judgment of the court below will be affirmed.

All the Justices concurring.