[Criminal No. 71.   Filed January, 1893.]

[32 Pac. 166, *sub nom.* Chartz v. Territory.]

## TERRITORY OF ARIZONA, Plaintiff and Respondent, v. JOHN CHARTZ, Defendant and Appellant.

1. CRIMINAL LAW—GRAND JURY—HOW SUMMONED—REV. STATS. ARIZ.
1887, PARS. 2184, 2196, CITED AND CONSTRUED.—The Revised Statutes
of Arizona, paragraph 2184, *supra*, provides that the judge "may, in
his discretion, order drawn a grand jury from the regular list."
Paragraph 2196, *supra*, provides that "where jurors are not drawn and
summoned in the manner hereinbefore prescribed to attend any
district court, or a sufficient number fail to appear, such court may,
in its discretion, order a sufficient number to be drawn forthwith
and summoned to attend said court; or it may, by an order entered
on its minutes, summon as many to serve as grand or trial jurors as
the case may require." A grand jury, summoned by an order of
court, on the application of the district attorney, from the body of
the county, is within the provisions of the statutes and legal.

2. SAME — JURORS — CHALLENGES — APPEAL AND ERROR — RECORD MUST
DISCLOSE INJURY—HARMLESS ERROR.—Where error is predicated
upon the refusal of the trial court to sustain a challenge to a
juror, the record should disclose that the defendant exhausted his
peremptory challenges upon the panel, and that he was compelled
to exercise one of them upon the objectionable juror; otherwise, it
must be presumed that the defendant was not injured.

3. SAME—SAME—DISQUALIFIED — BIAS AND PREJUDICE — UNKNOWN AT
TRIAL—GROUND FOR NEW TRIAL.—When it clearly appears that a
juror was disqualified by reason of bias or prejudice, and the fact
of his disqualification was not known until after the trial it is the
duty of the court to grant a new trial, especially when the juror
may have been examined as to his qualification, and failed to dis-
close the fact which disqualified him.

4. SAME—SAME—SAME—SAME—FACTS SHOWING—NEW TRIAL GRANTED.
—In a murder trial, when a juror has upon his *voir dire* qualified,
but it is shown afterward by affidavit that prior to the trial he
had used the following language to affiant: "That there are so many
married men whose wives are loose characters, and single men will
get around them, and get the best of them, and their husbands will
make gun-plays," and that he did not believe in *it*, and from what
he had heard and read about the case he was satisfied that the
defendant was guilty, and it is further shown that defendant had
no knowledge of these facts prior to the trial, the juror was dis-
qualified, and a new trial should be granted.

5. SAME—SAME—SAME—NEW TRIAL—REV. STATS. ARIZ. 1887, PENAL
    CODE, PAR. 1759, CONSTRUED.—Section 1759 of the Penal Code,
    *supra*, though not especially mentioning the disqualification of a
    trial juror as a ground for new trial, after enumerating the various
    causes, provides for cases, "where any good cause exists other than
    those in this section enumerated," and is broad enough to include
    a case of this character.

APPEAL from a judgment of the District Court of the
Fourth Judicial District in and for the County of Yavapai.
Edmund W. Wells, Judge. Reversed.

The facts are stated in the opinion.

Herndon & Hawkins, James H. Wright, and R. M. Ling,
for Appellant.

Upon the proposition that it was error for the court to
summon a special grand jury the following cases are cited:
*Wilson* v. *State,* 32 Tex. 112; *Vanhook* v. *State,* 12 Tex. 252;
*Hudson* v. *State,* 40 Tex. 13; *Jackson* v. *State,* 11 Tex. 252;
*State* v. *Foster,* 9 Tex. 66; *State* v. *Jacobs,* 6 Tex. 100; American
Criminal Law, (Wharton, 5th ed.), secs. 468, et seq.;
Bishop on Criminal Procedure, secs. 748-749; *Daniel* v.
*Bridges,* 73 Tex. 150, 11 S. W. 121; *People* v. *Devins,* 46 Cal.
46; *People* v. *Williams,* 43 Cal. 344; *People* v. *McDonell,*
47 Cal. 134; *People* v. *Ah Chung,* 54 Cal. 400.

The juror Martin Crouse, upon his examination as to his
qualifications as a juror, by his answers to the questions put
to him, brought himself clearly within the rule. After the
trial we filed the affidavit of Bennett,. a citizen of Yavapai
County, stating that Crouse had said that he believed the de-
fendant was guilty. An affidavit of defendant was also filed
stating that defendant had not known of this previous to the
trial. The affidavit of Mr. Bennett was not controverted or
denied in any way, either by the juror Crouse, or any one in
his behalf, and the said juror was wholly disqualified under
the law to serve in this case. Pen. Code, par. 1624, subd. 13;
*State* v. *Brown,* 15 Kan. 304.

Under the law the defendant is entitled to have every juror
before whom he is tried perfectly free from bias and preju-
dice; further, that each juror should be of such a condition of
mind as to act with entire impartiality, and particularly is

this so in murder trials. *Cancemi* v. *People,* 16 N. Y. 501;
*Ray* v. *State,* 15 Ga. 223; *People* v. *Williams,* 6 Cal. 207;
*Schoeffler* v. *State,* 3 Wis. 823.

Robert Brown, District Attorney, and Baldwin & Johnston, for Respondent.

SLOAN, J.—The defendant was indicted, tried, and convicted in the district court of Yavapai County for the crime of murder. His motion for a new trial having been overruled, defendant appeals to this court. Numerous errors are assigned, the more important of which we will consider.

A challenge was interposed by the defendant to the panel of grand jurors which found the indictment upon which the defendant was tried, upon the ground that the jurors were not drawn from the regular jury list on file with the clerk, but were summoned by an order of the court, on application of the district attorney, from the body of the county. The record discloses that at the opening of the court a grand jury was in attendance, which, by the order of the judge duly made and entered, had been drawn and summoned as provided by paragraphs 2184 and 2185, inclusive, of the Revised Statutes. Said grand jury, after serving as such, was discharged by order of the court. Subsequently, and during the term, another grand jury was summoned on an open venire, impaneled, and charged by the court. The indictment on which the defendant was tried and convicted was found by this special grand jury. The contention of the defendant is, that the latter grand jury was illegal, for the reason that the court had no power to order a grand jury otherwise than is provided in said paragraph 2184 of the Revised Statutes. We are unable to interpret the statutes as limiting the power of the court in calling a grand jury to the one mode provided in said paragraph. At common law, a court possesses the power of directing the summoning of a grand jury upon an open venire whenever, in the discretion of the court, it be found necessary. The statutes ought not, therefore, unless the legislative intention appears otherwise, to be so construed as to deprive the court of this power. *Mackey* v. *People,* 2 Colo. 13; *Levy* v. *Wilson,* 69 Cal. 105, 10 Pac. 272; *Wilson* v. *State,* 32 Tex. 112; *White* v. *People,* 81 Ill. 333; *State* v. *Marsh,* 13 Kan. 596. Paragraph 2184 provides that the judge "may, in his

discretion, order drawn a grand jury from the regular list.''
Again, paragraph 2196 provides that ''where jurors are not
drawn and summoned in the manner hereinbefore prescribed
to attend any district court, or a sufficient number fail to ap-
pear, such court may, in its discretion, order a sufficient num-
ber to be drawn forthwith and summoned to attend said court;
or it may, by an order entered on its minutes, direct the
sheriff of the county forthwith to summon as many good and
lawful men of his county to serve as grand or trial jurors as
the case may require.'' We think it plain from the foregoing
provision of the statute that it is left to the discretion of the
court either to order a grand jury to be drawn from the regu-
lar grand jury list or to be summoned upon an open venire
from the body of the county, as was done by the court in this
case.

As to the challenge interposed by the defendant to the
juror Bowder, we think, from the answers of the witness,
given upon his examination on *voir dire,* that the challenge
was well taken, and that he should have been excluded from
the jury. The record, however, discloses that the juror was
excused at some time before the jury was sworn, but whether
by the defendant or the territory does not appear. Before
we could find this ruling of the court to have been reversible
error the record should disclose that the defendant exhausted
his peremptory challenges upon the panel, and that he was
compelled to exercise one of them upon the objectionable
juror, otherwise it must be presumed that the defendant was
not injured by the ruling of the court.

One of the grounds upon which the defendant relied in
his motion for a new trial was the disqualification of one of
the jurors, which did not appear until after the trial. In
support of his motion defendant produced and read the affi-
davit of one Charles Bennett to the following effect: That
some time prior to the trial of the defendant he, Bennett, had
a conversation with the juror Martin Crouse in relation to the
charge against the defendant, to wit, the killing of George
Johnson, in Prescott, in October, 1890. That in said conver-
sation the said Crouse used the following language in sub-
stance, to wit: ''That there are so many married men whose
wives are loose characters, and single men will get around
them, and get the best of them, and their husbands will make

gun-plays," and that he did not believe in it; and from what
he had heard and read about the case he was satisfied that
John Chartz was guilty of having done said killing. The de-
fendant also made affidavit that the facts stated by Bennett
were unknown to him, and were not communicated to him by
said Bennett, or by any one, prior to the trial, nor until after
said affidavit was made by said Bennett. No other affidavit
was filed, or other proof taken, as to the proof of the fact
alleged by Bennett. The records disclose that the juror
Crouse was examined upon *voir dire*, and gave the following
answers to the questions put to him: "Question. Do you
know defendant?—Answer. Yes, sir.—Q. Did you know
George Johnson?—A. Yes, sir.—Q. Have you heard the facts,
or what purports to be the facts, of this case?—A. No, sir.—
Q. Have you formed or expressed any opinion as to the guilt
or innocence of the defendant?—A. I have formed an opinion.
—Q. From what you have heard?—A. Yes, sir.—Q. What
kind of an opinion is that? Is it qualified or unqualified?—
A. Qualified.—Q. Is it a fixed opinion?—A. No, sir.—Q. Is
it such an opinion as would influence or control you in making
up a verdict in this case?—A. No, sir.—Q. Could you render
your verdict in accordance with the law and the evidence
without any regard to that opinion you have formed?—A.
Yes, sir.—Q. You live on Cherry Creek?—A. Turkey Creek.
—Q. You were not in town at the time that this occurrence
took place?—A. No, sir.—Q. Were you at any of the trials?
—A. No. sir.—Q. Have you any bias or prejudice against this
defendant?—A. No, sir.—Q. Do you know of any reason that
would bias or prejudice you or disqualify you in any
way for this trial of this cause?—A. No, sir." If the
facts as stated by Bennett be true (and it is to be ob-
served that they were not denied), then Crouse was wholly
unfit to serve as a juror in this case; and had this
appeared upon his examination, the court no doubt would
have excluded him from the jury. As seen by his an-
swers, nothing in his examination appeared which indi-
cated the true state of the juror's mind, and which was calcu-
lated to lead either the court or the defendant to believe that
he was other than an impartial juror. There can be no ques-
tion but that the law favors the granting a new trial when it
clearly appears that one of the jurors was disqualified by
reason of bias or prejudice, and the fact of his disqualification

was not known until after the trial. Indeed, the authorities are unanimous that it is the duty of the court to grant a new trial in such a case, especially when the juror may have been examined as to his qualification, and failed to disclose the fact which disqualified him. *People* v. *Plummer,* 9 Cal. 310; *State* v. *Burnside,* 37 Mo. 347; *Busick* v. *State,* 19 Ohio, 198. Our statute, while not especially mentioning the disqualification of a trial juror as a ground for a new trial, is broad enough to include a case of this character. Section 1759 of the Penal Code, after enumerating the various causes for which a new trial may be granted, provides, in addition, for a case "where any good cause exists other than those in this section enumerated." We are strongly of the opinion that the existence of the state of mind on the part of the juror Crouse entertained prior to the trial towards the defendant, and his unqualified expression of his belief in the defendant's guilt, as disclosed by the affidavit of Bennett, is good cause, within the meaning of the statute. Quoting the language of the court in *People* v. *Plummer,* 9 Cal. 310: "One of the dearest rights guaranteed by our free constitution is that of trial by jury,—the right which every citizen has to demand that all offenses charged against him shall be submitted to a tribunal composed of honest and unprejudiced men, who will do equal and exact justice between the government and the accused, and, in order to do this, scan impartially every fact disclosed by the evidence." This guaranty, being regarded as of inestimable value, would be entirely worthless if persons are to be admitted in the jury-box who are influenced by passion, ill-will, or prejudice, or who, by reason of having formed an opinion as to the merits of the case, will be incapable of judging with impartiality. We hold, therefore, the showing sufficient to have entitled the defendant upon this ground alone to a new trial.

We deem it unnecessary to consider such of the assignments of error as relate to the conduct of the trial, the admission of evidence, and the giving or refusing of instructions, for the reason that, if any error was committed, it will doubtless be corrected by the learned judge who tries the case at the next trial of the cause. Judgment reversed, and the cause remanded for a new trial.

Gooding, C. J., and Kibbey, J., concur.