## CHARLES C. COPELAND v. E. W. MAJORS.

1. EXCEPTIONS; RECORD; *When Instructions will not be reviewed.* Ordinarily when none of the testimony and only part of the charge is presented, it will be impossible to determine that any error has been committed prejudicial to the party complaining.

2. VERDICT—*Form of; Correcting.* A party objecting to the form of the verdict, ought to make the objections at the time the verdict is returned, that the same may be corrected before the jury is discharged.

3. APPEALS *from Justice; Practice.* The code of civil procedure controls so far as it is applicable, proceedings in cases tried in the district court on appeal from justices' courts.

4. JUDGMENT IN REPLEVIN—*Form of.* In replevin, upon verdict for defendant, judgment should be entered in the alternative for a return of the property or the value thereof in case a return cannot be had.

### *Error from Crawford District Court.*

COPELAND brought replevin before a justice of the peace to recover possession of a two-year-old heifer. The case was taken to the district court by appeal, and was tried at the September Term 1871. Verdict and judgment for defendant, and plaintiff brings the case here on error. No briefs on file.

*John T. Voss,* for plaintiff in error.

*Sayres & Danford,* for defendant in error.

The opinion of the court was delivered by

BREWER J.: This was an action of replevin brought before a justice of the peace, and taken on appeal to the district court. Verdict and judgment were for the defendant, which the plaintiff now seeks to reverse. The testimony is not preserved in the record. A charge to the jury, signed by the judge, is certified by the clerk as a part of the pleadings and proceedings. But there is nothing to show that this charge contained all the instructions. It is stated in an unsigned bill of exceptions that certain instructions were asked by plaintiff and refused. But even this unsigned bill of exceptions fails to set out the instructions refused, and to it is appended a certificate of the clerk that

the instructions thus claimed to have been refused were never in his possession, and that he had no knowledge of them. For all that appears, instructions given at the instance of defendant, or other instructions given by the court of its own motion, may have met the very objections raised by counsel for plaintiff to those given. So also in the absence of the testimony we are unable to say that the instructions given were not both applicable and necessary to the case presented. Ordinarily, when none of the testimony, and only part of the charge is preserved, it will be impossible to say that any error has been committed prejudicial to the party complaining. *Town of Leroy v. McConnell,* 8 Kas., 273.

Another point presented is, that the verdict is incomplete and insufficient to sustain any judgment, and that the judgment is for so much money, the value of the property, and
2. Verdict in re-plevin; form of, may be corrected.
not in the alternative for the return of the property or the value thereof in case a return cannot be had. The bill of particulars alleged ownership and wrongful detention. The amended answer filed in the district court, besides a general denial, contained an allegation of ownership and right of possession. The verdict was, "We the jury find for the defendant, and we assess the value of the property replevied at $25, and we assess the defendant's damages at $1.16⅔." No objection to the form or the completeness of the verdict was made at the time it was rendered. Under the justice's act, (Gen. Stat., 790, § 64,) it is the duty of the jury, finding for the defendant, to find whether he had the right of property, or right of possession only, and also the value of the property and of the possession. Counsel claims that this section controls the form of the verdict in the district court, and that a failure to follow it vitiates the verdict. When a verdict is supposed to be defective counsel ought to call the attention of the court to the defect at the time the verdict is returned, that if it be merely a defect of form the jury may correct it before they are discharged. But we do not think that section controls. Sec. 124 of the same act, (p. 801,) treating of appeals, pro-

vides that "the plaintiff in the court below shall be plaintiff in the district court; and the parties shall proceed in all

**3. Practice on appeals from justice.** respects in the same manner as though the action had been originally instituted in the said court." By this we understand that the provisions of the civil code control in all cases tried on appeal to the district court so far as they are applicable. *Tarleton v. Brily,* 3 Kas., 434. In the civil code there is no section prescribing in terms the form of the verdict. The form of the judgment is provided for in § 185, p. 663: "Judgment for the defendant may be for a return of the property or the value thereof in case a return cannot be had." In so far as this indicates the form of the verdict necessary, it is satisfied by the verdict returned in this case.

Upon the verdict returned the judgment should have been

**4. Judgment in replevin; to be in the alternative.** in the alternative, "for the return of the property or the value thereof in case a return cannot be had." *Hall v. Jenness & Cohen,* 6 Kas., 356. The case will be remanded to the district court with instructions thus to modify the judgment. Costs in this court will be divided between the parties.

All the Justices concurring.