FRANC CADY v. MARGARET E. CASE.

EXEMPLARY DAMAGES, *When Allowed.*   The cases of *Malone v. Murphy*,
2 Kas. 250; *Wiley v. Keokuk*, 6 id. 94, and other similar decisions in
this court, holding that, whenever the elements of fraud, malice, gross
negligence, or oppression mingle in the controversy, the law allows
the jury to give what is called exemplary or vindictive damages, fol-
lowed.

*Error from Cloud District Court.*

THE opinion contains a sufficient statement of the case.
Judgment for plaintiff *Case* for $300, on November 20, 1888.
The defendant *Cady* comes to this court.

*Kennett & Peck*, for plaintiff in error.

*Pulsifer & Alexander*, for defendant in error.

*Per Curiam:* The principal question discussed in this case
upon the argument was, whether exemplary damages ought
to be allowed in any civil action, and we are asked to reëx-
amine this question and reverse the prior decisions of this
court permitting exemplary or vindictive damages.   Our own

decisions for a long time have established that, whenever the elements of fraud, malice, gross negligence or oppression mingle in the controversy, the law allows the jury to give what is called exemplary or vindictive damages. We could not depart from this doctrine now without overruling all of the prior decisions of this court upon this subject, and we are not willing to do so. In the case of *Malone v. Murphy*, 2 Kas. 250 (in 1864), it was said that—

"We would rather adopt the compensatory theory, believing it to be more nearly logically correct, but the other having been long-established, recognized and acted upon by enlightened courts, we are not disposed to change it where a change would make no difference in results. In giving this rule to juries in cases the details and circumstances of which are calculated to inflame their passions, the court should be very careful to indulge in no loose expressions which would indicate that the feelings of the jury were in any manner to influence their action."

In *Wiley v. Keokuk*, 6 Kas. 94 (in 1870), it was said that—

"These instructions raise the question so much discussed of late by writers upon law, as to whether such damages as are called 'exemplary,' 'vindictive,' or 'punitive' ought ever to be allowed. We content ourselves with following the current of authorities, and decide that the instructions go no further than such authorities warrant. If the law is wrong, let the law-making power correct it. The rule as laid down by the court below has already received the sanction of this court. (*Malone v. Murphy*, 2 Kas. 250.) The whole subject is discussed *pro* and *con*, and the authorities referred to, in 2 Greenl. Ev. § 253, and note, and §§ 254, 255; and Sedg. Dam., 4th ed., p. 533, and note. And after all this discussion, the supreme court of the United States decide the law as laid down in these instructions. Mr. Justice Grier, delivering the opinion of the court, well says: 'If repeated judicial decisions for more than a century are to be received as the best exposition of what the law is, the question will not admit of argument. By the common, as well as by the statute law, men are often punished for aggravated misconduct, or lawless acts, by means of a civil action, and the damages inflicted by way of penalty, or punishment, given to the party injured.' We have no doubt that such is the law. Whether it be founded in sound reason or not, is

not so much our province to say, as to determine if it be law. The writer hereof believes it to be not only good law, but founded on sound principles, and beneficial in its application. It often furnishes the only restraint upon a bad man, who cares little for his neighbor's character, his person, or his property. The party injured pursues the wrong-doer to punishment, when society is too careless to do so."

These decisions have since been followed in the cases of *Hefley v. Baker*, 19 Kas. 9; *Titus v. Corkins*, 21 id. 722; *Jockers v. Borgman*, 29 id. 109; *Winstead v. Hulme*, 32 id. 568; *Railway Co. v. Rice*, 38 id. 403, 404; *Clark v. Weir*, 37 id. 98; *West v. Telegraph Co.*, 39 id. 93; *Mfg. Co. v. Boyce*, 36 id. 351. The other questions discussed are disposed of by the following cases: *Townsdin v. Nutt*, 19 Kas. 282; *City of Wyandotte v. Gibson*, 25 id. 242; *Rose v. Hayden*, 35 id. 107, and cases there cited; *Reiley v. Haynes*, 38 id. 262; *Bryan v. McNaughton*, 38 id. 98; *Woods v. Hamilton*, 39 id. 70.

The judgment of the district court will be affirmed.