OTTO KOLLEEN v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

No. 14,353. (83 Pac. 990.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT — *Personal Injuries — Prior Settlement—Verdict—Failure to Object— Sufficiency.* Where in an action to recover damages for a personal injury the defendant pleads a settlement, and the only question submitted to the jury is whether or not the plaintiff was mentally responsible when he made such settlement, and all the evidence given on the trial and all the instructions given to the jury by the court are directed to this single question, and the jury return a verdict finding "for the defendant, that the plaintiff's claim sued upon has been settled," and no objection is made thereto, and no application is made to have the same made more specific before the jury is discharged, and the court enters judgment thereon sustaining such settlement, *held,* that in this court such verdict must be deemed sufficient.

Error from Cloud district court; HUGH ALEXANDER, judge. Opinion filed December 9, 1905. Affirmed.

*C. A. Kimball,* and *Charles R. Pence,* for plaintiff in in error.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The plaintiff, Otto Kolleen, was employed as a car-cleaner by the Pullman Palace Car Company, and while engaged in his duties the defend-

ant, the Atchison, Topeka & Santa Fe Railway Company, when moving and changing cars in making up a train, violently moved the car in which the plaintiff was at work, whereby he was injured. Afterward plaintiff commenced this action against the defendant to recover damages for such injury. Pending the action the plaintiff's attorneys negotiated a settlement with the defendant, informed their client thereof, and requested him to authorize them in writing to make the settlement agreed upon. Subsequently plaintiff executed and delivered to his attorneys written authority to make such settlement, which authority specifically stated the amount that the defendant should pay, how much the attorneys should retain for services, and the amount that the plaintiff should receive.

Later the attorneys completed the settlement, received the money, and sent to plaintiff the amount due him, which he refused to accept. As a part of the settlement it was stipulated that the case should be dismissed with prejudice. At the next term of court, when the application to dismiss was presented, the plaintiff was personally present and objected thereto, and repudiated the settlement. Thereupon the plaintiff's attorneys withdrew from the case, and it was continued to enable plaintiff to employ other counsel. The defendant filed an answer setting up the settlement. The plaintiff in his reply alleged ignorance thereof, and mental incapacity when the settlement was made. At the January term, 1904, the case was tried upon the single issue as to whether or not a valid settlement had been made, a verdict was returned in favor of the defendant, and the plaintiff brings the case here.

The principal error of which the plaintiff complains is that the verdict does not justify the judgment. The verdict reads: "We, the jury impaneled and sworn in the above-entitled case, do upon our oath find for the defendant; that the plaintiff's claim sued upon has been settled." It was practically conceded on the trial

that the settlement was actually made and authorized by the plaintiff, and the jury in answer to special questions so found.

The only question inquired into at the trial was whether the plaintiff was mentally responsible at the time of the alleged settlement. All the evidence in the case and the instructions of the court were directed to this single question. When the verdict is construed in the light of these considerations it appears to be sufficient; but, if it were doubtful, this court would be compelled so to construe it, for the reason that no objection was made to the verdict when it was returned and when the court could have had it corrected. (*Copeland v. Majors,* 9 Kan. 104; *Carlin v. Donegan,* 15 Kan. 495.)

Complaint is made that non-professional expert evidence was admitted without sufficient foundation's having been laid therefor. The foundation was not so full and complete as usual in such cases, but we cannot say that material error was committed in this respect.

An instruction of the court upon the burden of proof is also criticized, but the instruction, while unnecessary, simply served to emphasize the proper rule in the case, and was not erroneous. The judgment is affirmed.

All the Justices concurring.