W. H. WINKLER, *Appellee*, v. THE CITIZENS STATE BANK of Geuda Springs, *Appellant*.

No. 18,000.

SYLLABUS BY THE COURT.

BANKING—*Payment of Check Wrongfully Refused—Exemplary Damages.* In an action by a depositor to recover money placed by him in a bank as a general deposit, the bank having wrongfully refused payment and having protested a check drawn by the depositor for the amount thereof, the bank is not liable for exemplary damages unless it was guilty of fraud, malice, gross negligence or oppression in so doing.

Appeal from Cowley district court. Opinion filed April 12, 1913. Modified.

*C. T. Atkinson,* of Arkansas City, for the appellant.
*Paul R. Nagle,* of St. John, for the appellee.

The opinion of the court was delivered by

SMITH, J.: It appears by the evidence in this case, without substantial controversy, that the appellee had on general deposit in the appellant bank the sum of $2000 subject to the check of the appellee; that the appellee gave to another bank his check for the full

amount of the deposit; that the check was forwarded to appellant and appellant refused payment thereof and caused the check to be protested and notice thereof to be given. This suit was brought to recover the money and for damages.

The reason given by appellant's cashier for the refusal of payment was that the sum of money was deposited in pursuance of an agreement between the appellee and a third party, but not to the credit of such third party, by the terms of which the cashier thought the transaction with such third party ought to be closed and the money paid to the third party. It is not pretended that the bank received the money or was to hold it as security for the third party, or that the appellant had any legal obligation in this matter to protect the third party.

At the close of the evidence the court gave the following instructions relative to the damages recoverable:

"If you should find for the plaintiff, in addition to the amount that you find he is entitled to recover because of the money deposited in the bank, you should find also the amount, if any, of the actual damages he has sustained, if any, by reason of the failure and refusal of the bank to pay over the money on said check. And in determining what his actual or general damages are you may take into consideration the evidence of what expenses he has been put to caused by said refusal, what damage, if any, it has been to his standing and credit as a business man, what he has been compelled to pay for attorney's fees and otherwise in connection with looking after the matter prior to the commencement of this suit, what he has been compelled to pay out, if anything, for protest fees, and allow to the plaintiff such actual or general damages as in your judgment, from all the evidence in the case, will compensate him for his actual injury sustained, if any, by reason of the refusal of the said bank to pay his check.

"And if you shall find that he is entitled to recover actual damages in this case, outside of the amount of money on deposit, then, if you shall further find that the refusal of the bank to pay said check was without

good reason, was oppressive, was malicious, then you would be justified in allowing the plaintiff exemplary damages; that is, what is called smart money or punitive damages, as punishment for the conduct of the defendant in such malicious act, and the amount of this is left to the good judgment and discretion of the jury."

The first paragraph of this instruction is approved, except the clause "what he has been compelled to pay for attorney's fees and otherwise in connection with looking after the matter prior to the commencement of this suit," which is disapproved. (*Evans v. Insurance Co.,* 87 Kan. 641, 125 Pac. 86.) There is, however, no evidence that in the refusal of payment the bank was guilty of fraud, malice, oppression, or of any wrongful purpose that would in any way justify the last paragraph of the instruction. It is erroneous. (See *Winstead, Sheriff, v. Hulme,* 32 Kan. 568, 4 Pac. 994; *Cady v. Case,* 45 Kan. 733, 26 Pac. 448.) The jury found for the appellee, $2000, the amount of the deposit, $135 interest thereon, $365 actual damages, and $135 exemplary damages. Judgment was accordingly rendered.

The judgment is ordered to be modified by reducing the same $135, and when so modified is affirmed.