No. 18,519.

H. T. CHEESMAN, *Appellee*, v. JOHN A. FELT et al., *Appellants*.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. SALE—*Hogs Infected with Cholera—Finding Supported by Evidence.* A finding that the defendants had knowledge of a certain fact is not, under the circumstances of this case, so inaccurate as to justify setting it aside; the evidence clearly showing that they had reason to believe that such fact existed.

2. SAME—*Infected Hogs—Notice to Seller—Damages.* One who sells hogs infected with cholera renders himself liable for damages if at the time of the sale he had knowledge of such

infection or notice of such facts as would put a prudent person upon inquiry, and a reasonable inquiry prosecuted by him would have apprised him of the fact before they were delivered that they were infected.

3. SAME—*Punitive Damages—When Allowable.* The mere negligent failure to follow up such notice and ascertain the fact does not justify the imposition of punitive damages, such damages being properly awarded only when the defendant is shown to have acted in wanton disregard of the plaintiff's rights.

Appeal from Sumner district court; CARROLL L. SWARTS, judge. Opinion on rehearing filed July 7, 1914. Affirmed in part and reversed in part. (For original opinion of affirmance see 91 Kan. 431, 137 Pac. 800.)

*W. T. McBride,* and *Harold W. Herrick,* both of Wellington, for the appellants.

*W. W. Schwinn,* of Wellington, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellants in their petition for rehearing and in their brief in support thereof insist that the points presented by them in their former brief were not given proper attention when the *per curiam* opinion was rendered (*Cheesman v. Felt,* 91 Kan. 431, 137 Pac. 800), and earnestly reassert that the testimony did not prove sufficient knowledge on the part of the defendants to render them liable for punitive damages, and that the trial court erred in giving and refusing instructions upon this question. A careful reëxamination of the former brief and abstracts discloses that upon the original hearing in this court the appellants contended that a demurrer to the evidence should have been sustained; that the court erred in refusing to instruct that in order to render the defendants liable it must affirmatively appear that the hogs had cholera at the time of the sale and delivery;

44—92 KAN.

that the answers to certain questions were contrary to the evidence; that there were errors in the instructions touching exemplary damages, the agency of Hough and the matter of knowedge on the part of the defendants, and that the verdict was the result of passion and prejudice.

The petition charged the defendants with selling to the plaintiff hogs infected with cholera which fact they knew but concealed. It appears that about thirty-five head were delivered to the plaintiff on July 19, 1911, negotiations therefor having been made with his agent a short time before. The jury found that the defendants, or one of them, first learned on July 12, 1911, that some of the hogs on the farm had cholera; that two hogs were found dead on that day and the defendants were told that evening.

"Q. 8. On what date did Allen Felt or John Felt know the hogs had cholera? Ans. July 12, 1911.

"Q. 16. How many of Felts' hogs died shortly befor the sale and delivery in question? Ans. Four hogs and some pigs."

The jury found the cause of their death was cholera.

"Q. 20. Did either John or Allen Felt know the cause of the death of the hogs? Ans. Both of them.

"Q. 21. Did either John or Allen Felt receive any notice at the time of the sale or delivery of said hogs, of what the hogs died of, and if so which one had such knowledge? Ans. Allen Felt.

"Q. 22. Did the hogs which were sold and delivered have a contagious disease known as cholera? Ans. Yes.

"Q. 24. Did the defendants or either of them receive notice at the time of the delivery or before that the hogs had said disease? Ans. Yes.

"Q. 26. Was there any cholera in the vicinity of the defendants' place at or about the time of the sale and delivery of said hogs? Ans. Yes."

The finding to the effect that John A. Felt was a part owner of the hogs in question is with some justification criticised as contrary to the evidence, and yet

Cheesman v. Felt.

the testimony of the agent who bought the hogs for the plaintiff and the circumstances shown by the entire evidence make it quite clear that this defendant was connected with the sale and acted much as he would have acted had he in fact been part owner; and while the finding is contrary to the direct testimony of the two defendants it is not contrary to the circumstances shown and the evidence of the agent who testified that he bought the hogs of the Felts.

Finding No. 8, that the defendants knew on July 12 that some of the hogs on the farm had cholera, is asserted to be without support in the evidence. While we do not find any testimony directly showing such knowledge, there are circumstances and conversations shown indicating that they had reason to believe on that date that certain hogs had died of cholera, and the distinction is not sufficient to warrant setting aside the finding complained of.

The record shows facts and circumstances which lend support to the finding that the defendants knew the cause of the death of the four hogs and the pigs referred to in questions 16 and 20, so that such finding can not be deemed contrary to the evidence.

We find no error in the record touching the instructions or findings relative to the agency of Mr. Hough.

The court refused to instruct that unless the jury should find from the evidence that the defendants' failure to make such inquiry or investigation as ordinarily prudent men would have made under the circumstances was the result of a willful disregard on their part of the rights of the purchaser, and that such failure was for the purpose of not informing themselves of the true character of the disease, and of selling the hogs without such knowledge, they would not be liable. An instruction was given that if at the time of delivery the hogs were infected with cholera, and the defendants so knew, and the plaintiff was injured thereby he could recover; that he was not necessarily bound to prove ac-

tual knowledge, "but if, from the evidence in this case, you find that the defendants had notice of such facts as would put a prudent person upon inquiry as to whether the hogs were infected with cholera, and that a reasonable investigation prosecuted by the defendants would have apprised them of the fact that said hogs were infected with cholera before the hogs were delivered to the plaintiff, then you will be justified in imputing to the defendants knowledge of the fact that the hogs were infected with cholera." In *Pope v. Nichols,* 61 Kan. 230, syl. 3, 59 Pac. 257, actual notice was held to often mean the knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts. Section 15 of chapter 312 of Laws of 1911 (see Gen. Stat. 1909, § 9148) provides that any person who shall have in his possession any domestic animal affected with any contagious or infectious disease, "knowing such animal to be so affected; or having received notice that such animal is so affected, . . . or . . . shall keep such animal where other domestic animals not affected with or previously exposed to such disease may be exposed to such contagious or infectious disease, or shall sell . . . such diseased and infected animal or animals which have been exposed to such infection or contagion" shall be deemed guilty of a misdemeanor. It appears, therefore, that the instruction given was as favorable to the defendants as the provision of the statute in question.

Counsel suggest that the statute does not furnish a basis for recovery of damages unless proved beyond a reasonable doubt, but if such proof is not necessary it should at all events be such as to show a course of conduct amounting to a reprehensible and culpable disregard of the rights of the purchaser. We are inclined to agree in a measure with this suggestion and to hold that the sale of hogs affected with cholera by

one who knows or has notice of such facts as would put a prudent person upon inquiry and lead to his ascertaining their diseased condition, is thereby guilty of sufficiently culpable and reprehensible disregard of the rights of the purchaser to .entitle the latter to recover damages from the former.

It is insisted that the court erred in charging that the jury might award smart money as a punishment for selling infected hogs, "knowing them to be so infected or having notice as hereinbefore stated." This is said to permit the award of punitive damages for mere negligence without requiring any showing of malice, wantonness, fraud, oppression, willfulness or any other aggravation to justify such damages. While the jury found that the hogs were diseased, and that the defendants had notice or knowledge of certain facts, they were not asked whether the defendants or either of them knew that the hogs sold to the plaintiff had cholera. The findings do show that they had notice of facts and means of information which if prudently followed up would have brought the knowledge shortly. It is settled that in an action for slander express malice is essential in order to justify such damages. (*Wood v. Custer,* 86 Kan. 387, 121 Pac. 355; *Garvin v. Garvin,* 87 Kan. 97, 123 Pac. 717.) Ordinarily fraud, oppression or wanton disregard of the plaintiff's rights is essential. The matter was fully considered in *Cady v. Case,* 45 Kan. 733, 26 Pac. 448, and the former decisions were cited. (See, also, *Railroad Co. v. Little,* 66 Kan. 378, 71 Pac. 820; *Nevins v. Nevins,* 68 Kan. 410, 75 Pac. 492; *Walterscheid v. Crupper,* 79 Kan. 627, 100 Pac. 623; *Winkler v. Bank,* 89 Kan. 279, 131 Pac. 597; *Stalker v. Drake,* 91 Kan. 142, 136 Pac. 912.)

For one to sell diseased or infected stock, simply being too listless to follow up and investigate circumstances, rumors and reports and ascertain whether such animals are affected, is negligence for which the statute intended him to be liable, but it is not such conduct as

to bear the impress of fraud, malice or wantonness, and the instruction which permitted punitive damages under such circumstances was erroneous. There was no instruction or finding with reference to concealment of knowledge or notice by the defendants. It is suggested that no negligence was charged, and that under the allegations and proof wanton disregard of the plaintiff's rights was apparent although not so named in the instructions. It is further insisted that the jury found that the defendants knew the hogs were diseased. This is not quite accurate. The findings are not to the effect that they or one of them had notice that the hogs sold to the plaintiff were diseased, but only that they knew that certain other hogs had died of cholera on the place shortly before. This means knowledge that the hogs in question had probably been exposed to the disease by reason of other animals on the place having recently died thereof, but it can hardly be said to mean that they knew they had become infected or were then diseased. It appears that the sale was made with provision for delivery several days ahead, that Mr. Hough, when he looked at the hogs, found them looking healthful, and that thirty-eight of the number purchased were shipped to Wichita, where they passed inspection; and under these circumstances there is possible justification for the defendants' claim that they did not know they were diseased or infected when delivered. The awarding of smart money is an anomaly in the law at best, and should be permitttd only when it can be done in accordance with settled rules the chief of which is that the defendants be shown to have acted with wanton disregard of the plaintiff's rights. Under the charge given such award could have been made upon a finding of mere negligence and was made without a finding of knowledge that the hogs were diseased. The sum awarded was more than twice the amount of actual damages found, and we think the defendants were and are entitled to have this matter considered upon the

sole ground that fraud, malice or wanton disregard of the plaintiff's rights must be shown before punitive damages can be awarded.

Finding no material error in any other respect the judgment is reversed as to the punitive damages and affirmed in other respects, and the cause is remanded for a new trial as to the one question, unless the plaintiff shall remit the sum involved therein.