No. 18,298.

JOHN F. HANSON, *Appellant*, v. WILLIAM KENDT et al., *Appellees.*

SYLLABUS BY THE COURT.

1. CHANGE OF VENUE—*Insufficient Application.* An application for a change of venue, supported by the affidavit of the party making such application, setting forth that a fair and impartial trial can not be had because of prejudice in the county against the applicant, and that the judge is biased and prejudiced in favor of the opposite party, and that the applicant has a suit pending against the judge for alleged misrulings and proceedings without jurisdiction, is not of itself sufficient to compel such a change.

2. EMPANELING JURY—*Irregularities of Clerk—No Prejudice Shown.* A judgment will not be disturbed for irregularities of the clerk of the district court in calling jurors for the trial of a cause, unless it appears that the party complaining was prejudiced thereby.

3. TRIAL—*Instructions—Presumption in Absence of Evidence.*
Instructions, stating correct principles of law, applicable to
the pleadings, will be presumed to have conformed to the facts
proved, in the absence of any abstract of, or statement con-
cerning, the evidence.

4. MOTION FOR NEW.TRIAL—*Absence of Witness—Motion Prop-
erly Denied.* A motion for a new trial, which alleges ina-
bility to procure the attendance of a witness, when no ap-
plication for a continuance, or other request, is made on that
account when the case is called for trial, is properly denied.

5. SAME—*Surprise at Witness' Evidence—Motion Properly De-
nied.* A motion for a new trial which alleges surprise be-
cause a witness did not give more definite testimony, is
properly denied, when no application or request of any kind
is presented to the court at the time the testimony is given.

6. SAME—*Remarks Made in Presence of Juror—Not Shown to
Have Been Prejudicial.* It must be shown that remarks made
in the presence of a juror trying a cause were such as would
necessarily prejudice the party complaining, or it must be
shown that prejudice did result therefrom, in order to war-
rant this court in reversing a judgment and ordering a new
trial on that account.

7. SAME—*Judge—Talking with Counsel about Instructions—
Proper Conduct.* It is not improper conduct for a judge to
talk with counsel concerning instructions to be given in a
cause on trial. ·

8. VERDICT—*Not Vitiated by the Words "Not Guilty."* The ad-
dition of the words "Not Guilty" to a verdict finding for the
defendants, in an action for damages for an assault, does
not vitiate the verdict.

Appeal from McPherson district court; CHARLES
E. BRANINE, judge. Opinion filed March 6, 1915. Af-
firmed.

*John F. Hanson,* of Lindsborg, for the appellant.

*G. F. Grattan,* and *J. M. Grattan,* both of McPherson,
for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action for damages. The
plaintiff alleges "that the . . . defendants . . . did
. . . unlawfully and with force assault . . . the

. . . plaintiff . . . to his damage in the sum of twenty-five thousand dollars." There was a jury trial, and verdict in favor of the defendants. The plaintiff appeals. No abstract of the evidence is filed.

The errors complained of are as follows:

1. Denying plaintiff's application for a change of venue.

2. Overruling objections to irregularities of the clerk in calling the jury.

3. Concerning the instructions given.

4. Denying plaintiff's motion for a new trial. Here the plaintiff complains of his inability to secure the attendance of one witness, of a witness not testifying as plaintiff had expected him to, and because of certain statements made in the presence of one of the jurors.

5. That the trial judge was seen talking to counsel for the defendants concerning instructions to be given.

6. Rendering judgment upon the verdict which contained the words "not guilty."

We will examine these matters in the order named.

1. Was there error in refusing a change of venue? Plaintiff's affidavit for a change of venue is as follows:

". . . that he is the plaintiff in the above-entitled action; that he is a resident of McPherson County, State of Kansas, and is engaged in the business of the practice of law; that there is a prejudice existing in this county against affiant, but that the same is without any just cause, and prevails generally throughout the county, especially among such citizens as usually compose the juries of the District Court of said County; that the affiant has considerable acquaintance with the citizens of this county, and this affiant states that a fair and impartial trial of the above-entitled action by a jury can not be had by the said John F. Hanson, the plaintiff therein, in the county of McPherson, State of Kansas, where said suit is pending; that the judge of the District Court in and for said county and state is disqualified to sit in the trial of said cause, by reason of the fact that he is biased and prejudiced in favor of the said defendants; that the plaintiff now has a suit pending in the District Court

of McPherson County, Kans., for damages for alleged malicious rulings and alleged proceedings without jurisdiction against the said judge and this affiant states that a fair and impartial trial of the above-entitled action can not be had by the said John F. Hanson the plaintiff therein in the County of McPherson, State of Kansas, where said suit is pending."

Section 57 of the civil code, in part, is:

"In all cases in any of the district courts of this state in which it shall be made to appear that a fair and impartial trial can not be had in the county where the suit is pending, or when the judge is interested or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or otherwise disqualified to sit, the court may, upon application of either party, change the place of trial to some county where the objection does not exist."

This affidavit is not sufficient to compel a change of venue because of the prejudice of the inhabitants of McPherson county.

"A change of venue on account of the prejudice of the inhabitants of the county against the defendant should not be granted unless it is made to appear to the satisfaction of the court that the defendant can not have a fair trial in such county on account of such prejudice." (*The State v. Bassnett,* 80 Kan. 392, syl. ¶ 3, 102 Pac. 461.)

"When a trial judge is conscious that he has no prejudice against a defendant, he is justified in refusing a change of revenue asked for on the ground that he is prejudiced." (*The State v. Sexton,* 91 Kan. 171, syl. ¶ 2, 136 Pac. 901.)

The court is not bound by the statements in the affidavit as to his disqualification. (*In re Smith,* 73 Kan. 743, 85 Pac. 584; *Hanson v. Hanson,* 86 Kan. 622, 624, 122 Pac. 100.) That no counter-affidavits were filed makes no difference. (*The State v. Tawney,* 81 Kan. 162, 164, 105 Pac. 218.)

2. It appears that in calling the jury to the box, the clerk called the names of jurors from slips of paper on which the names were written, and when the name of

an absent or excused juror was drawn, the slip was laid aside and the name not called. How this prejudiced the plaintiff does not appear. Neither does it appear that the jury was not a fair jury, nor that any particular juror was incompetent. This should be treated as a challenge to the whole array of jurors, otherwise there is nothing before this court.

"A challenge to an array of jurors ought not to be sustained on account of mere irregularities in the drawing of the jurors, or mere informalities on the part of the officers charged with the drawing of the same." (*The State v. Jenkins,* 32 Kan. 477, syl. ¶ 1, 4 Pac. 809; *A. T. & S. F. Rld. Co. v. Davis,* 34 Kan. 199, 204, 8 Pac. 30; *The State v. Whisner,* 35 Kan. 271, 279, 10 Pac. 852; *The State v. Donaldson,* 43 Kan. 431, 433, 23 Pac. 650; *The State v. Frazier,* 54 Kan. 719, 721, 39 Pac. 819; *Wood v. McAlpine,* 85 Kan. 657, 660, 118 Pac. 1060.)

3. The plaintiff complains of the instructions. There is no attempt to abstract any of the evidence introduced on the trial.

"Where none of the evidence appears in the record, and there is no statement of what it tended to prove, or that it raised the questions on which instructions were based, this court can not, as a general rule, determine whether there was error in the rulings of the court as to the instructions or not." (*Town of Leroy v. McConnell,* 8 Kan. 273 syl. ¶ 1; *Hopkins v. Cothran,* 17 Kan. 173, 177; *The State v. English,* 34 Kan. 629, 9 Pac. 761; *Insurance Co. v. Curry,* 44 Kan. 741, 25 Pac. 221; *Insurance Co. v. Thorp,* 48 Kan. 239, 246, 28 Pac. 991; *The State v. Heth,* 60 Kan. 560, 57 Pac. 108; *Woodford v. Light Co.,* 77 Kan. 836, 837, 92 Pac. 1133.)

The instructions state correct principles of law, and are applicable to the facts as disclosed by the pleadings.

4. The plaintiff complains of the denying of his motion for a new trial. In this he alleges accident and surprise which ordinary prudence could not have guarded against, particularly by not getting the witness H. S. Bacon, and in Charley Nelson not giving more definite testimony. If there was a witness who could not be procured, an application for a continuance

should have been made. It does not appear that such application was made. The plaintiff can not complain when he goes into trial without his witnesses, even though he has been diligent in attempting to secure their presence, when he does not make an application for a continuance on account of the absence of such witnesses.

5. Complaint is made that one of the witnesses did not give more definite testimony. In almost every contested trial one or both of the parties is surprised by some witness not giving more definite testimony, or giving testimony contradictory to that which was anticipated.

6. Complaint is made of certain statements made in the presence of one of the jurors. The plaintiff's affidavit in support of his motion for a new trial in this respect is as follows:

"That plaintiff heard C. A. Ingman, a juror, in the presence of the juror Charley Johnson, upbraiding the said Charley Nelson (a witness in the case) for coming to testify without being paid his fees; that plaintiff believes that this C. A. Ingman, in his association with the juror, exerted an undue influence on some of those who were jurors in this case."

The affidavit does not state that either C. A. Ingman or Charley Johnson was a juror in plaintiff's case. What was said is not disclosed. In what way could this matter prejudice the juror or jury in favor of or against the plaintiff? We do not see why a new trial should have been granted for either of the three reasons last named.

7. The next complaint made by plaintiff is, that the trial judge was seen talking to counsel for defendants concerning the instructions to be given. It is not misconduct on the part of the judge to talk with interested counsel about the instructions to be given in a cause on trial.

8. The plaintiff complains that the judgment was

rendered upon the verdict, which contained the words "not guilty." The verdict is as follows:

"We, the jurors empaneled and sworn in the above entitled cause do, upon our oaths, find for the defendants. Not guilty.        A. T. WILSON, *Foreman.*"

The verdict was clearly in favor of the defendants. Only one judgment could be rendered thereon. If the plaintiff objected to the form of the verdict, he should have made his objections known at the time the verdict was received. (*Hazard Powder Company v. Viergutz*, 6 Kan. 471; *Arthur v. Wallace*, 8 Kan. 267; *Copeland v. Majors*, 9 Kan. 104; *Kolleen v. Railway Co.*, 72 Kan. 426, 428, 83 Pac. 990.)

After examination of the matters submitted to this court, we are unable to find any error, and the judgment is affirmed.