No. 21,025.

THOMAS HORSFIELD, *Appellant,* v. THE MISSOURI & KANSAS TELEPHONE COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

1. TELEPHONE—*Disconnected*—*Punitive Damages.* It was the duty of the trial court to determine whether or not the question of punitive damages should go to the jury.

2. SAME. The conclusion and instruction that the plaintiff could not under the evidence recover any sum as exemplary damages held proper.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed October 6, 1917. Affirmed.

*W. R. Hazen,* and *H. W. Page,* both of Topeka, for the appellant.

*J. W. Gleed, C. J. Evans,* and *D. E. Palmer,* all of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued for damages for cutting off telephone service to his stores. The company required payment by the 15th of the month, and subscribers failing to pay by that time were notified that service would be discontinued for nonpayment. On the 19th of August, 1915, the plaintiff received word that his service would be discontinued, and on calling up the office was informed he had not paid his bill. Upon finding that the check had been made out but not transmitted he advised the office that he would mail the check at once, to which the reply was "all right." A few minutes later the service was cut off. The check was mailed and received by the company the next morning, and thereupon the service was restored. The plaintiff recovered a judgment for $11.25 actual damages and appeals because the trial court instructed the jury that under the evidence he was not entitled to recover any sum as exemplary damages.

There was testimony to the effect that the agent at the office was irritated because the plaintiff "hung up in his ear" and that he promptly ordered the wire man to discontinue the service, and when asked why he did so the answer was: "Well,

because he had hung up in my ear; I wanted to be sure he was cut off."

As the court must instruct the jury upon the issues involved, it must first determine whether there is evidence to support the claim for punitive damages; so the only question is whether or not the court reached the right conclusion in the instruction he gave on this subject.

Whether the expression "all right" should be construed as a waiver of the right to disconnect or as an agreement not to do so until the check could be forwarded, the majority of the court are of the opinion that there was not sufficient evidence of malice or wantonness to take the case to the jury on the question of punitive damages. (*Cady v. Case,* 45 Kan. 733, 26 Pac. 448; *A. T. & S. F. Rld. Co. v. McGinnis,* 46 Kan. 109, 26 Pac. 453; *C. K. & W. Rld. Co. v. O'Connell,* 46 Kan. 581, 26 Pac. 947; *Stalker v. Drake,* 91 Kan. 142, 136 Pac. 912; *Cheesman v. Felt,* 92 Kan. 688, 142 Pac. 285.)

The judgment is affirmed.