Nelson v. Hoskinson.

---

No. 21,271.

IDA N. NELSON and WINFIELD S. NELSON, *Appellants,* v. JENNIE HOSKINSON et al., *Appellees.*

### SYLLABUS BY THE COURT.

INJUNCTION—*Sale under Mortgage Foreclosure—Petition States Cause of Action.* The petition examined, and held to state a cause of action to enjoin the foreclosure sale therein mentioned, no misjoinder of causes or parties appearing.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed May 11, 1918. Modified.

*J. M. Mason,* of Kansas City, for the appellant.

*O. H. Barker,* and *H. H. McClure,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

WEST, J.: To the amended petition, attempting to set up five causes of action for damages, for injunction and to quiet title, a demurrer was sustained, and the plaintiffs appeal. The story, in substance as alleged, is that the plaintiff, Ida M. Nelson, was the owner of certain lots on which she gave a mortgage for $4,666 to James M. Hoskinson, at whose direction it was executed to his wife, the defendant, Jennie Hoskinson, with a provision that the lots covered could be sold by the payment on the mortgage of a certain price for each front foot; that six months before the note fell due Hoskinson made a provision on another basis, and a new mortgage for $6,345 was executed, and a new arrangement was made about the price to be

paid and credited for each front foot sold; that certain releases were to be executed and placed in escrow, but were not so deposited; that Hoskinson died leaving everything to the defendant, Jennie Hoskinson, as his assignee, she having full knowledge of all the equities of the plaintiffs; that Hoskinson had refused to release the lots which the plaintiff had sold and failed to give credit therefor; that the defendant, Jennie Hoskinson, when about to foreclose induced the plaintiffs to believe that if they would not defend 'she would continue the arrangement substantially as it had been, but proceeded to take judgment, although one of the plaintiffs had at that time been declared a bankrupt and discharged from any liability on the note; and that Jennie Hoskinson flatly refused to perform her contract. It was alleged that one Benham C. Nelson had bought certain lots which were not included in the second mortgage and "had been released from all prior mortgages," but were attached and sold under a deficiency judgment against the Nelsons on another note, from which W. S. Nelson had been discharged in bankruptcy; that certain other lots bought by Benham C. Nelson, subject to the terms of the second mortgage, which were to be released upon payment of a certain price for each front foot, were included in the foreclosure, and Benham C. Nelson was given no opportunity to redeem without paying the entire judgment; and that unless this relief be afforded Benham C. Nelson the plaintiffs might be called upon to respond under the covenants of their deeds to him. It was prayed that he be protected and allowed to redeem, and that the sale under foreclosure be enjoined and the title of the plaintiffs to the land be quieted.

If, as alleged, the failure to defend was caused by the promise to continue the former arrangement, the defendant is taking advantage of the breach of her own agreement. In *Hentig v. Sweet*, 27 Kan. 172, an accommodation indorser who was liable upon a promissory note then in litigation made a payment, after its maturity, to the holder, and at the request of the plaintiff paid him several hundred dollars in addition, upon his promise to credit the amounts upon the claim and take judgment for only the balance. The indorser, relying upon such promise, made no defense, but the plaintiff took judgment for the full amount. It was held that as an unfair and unconscion-

able advantage was taken in depriving the indorser of his just credits he had a right to stay, by injunction, the collection of the remainder of the judgment, after paying all except that for which he was entitled to credit. On the strength of this decision and the authorities therein cited the plaintiffs have a right to enjoin the sale under the judgment of foreclosure until the alleged wrongs shall have been righted by the defendant, Jennie Hoskinson.

It was proper to make the sheriff a party defendant, as he was the one ordered to make the sale. No rule of code pleading was violated by naming Benham C. Nelson as a party defendant and suggesting that he bear his portion of the cost of the litigation. Should he not see fit to defend or assert his own rights the plaintiffs should be permitted to protect themselves from the effect of the alleged improper inclusion of his lots.

Various allegations of damages and numerous complaints of James M. Hoskinson's conduct in many respects not already noticed have been considered, but the only result we are able to reach is that the pleading states a cause of action which, if proved, will authorize the trial court merely to enjoin the sale until such conditions are brought about as may render it equitable and proper to carry it out.

To this extent only the judgment is modified, and the cause is remanded for further proceedings in accordance herewith.