Nelson v. Hoskinson.

---

No. 22,599.

IDA N. NELSON and WINFIELD S. NELSON, *Appellants*, v. JENNIE HOSKINSON, *Appellee*, and BENHAM C. NELSON, *Appellant*.

#### SYLLABUS BY THE COURT.

1. CHANGE OF VENUE—*Bias and Prejudice of Judge.* A change of venue will not necessarily be granted on the affidavit of a party stating that he believes that he cannot have a fair trial before the judge of the district court on account of his bias and prejudice.

2. ACTION—*Dismissed for Want of Prosecution.* An action may be dismissed for want of prosecution where those who ask affirmative relief have neglected or failed to bring the cause to issue and to prepare for trial after sufficient time has elapsed for them to do both, although they make an insufficient application for a continuance.

3. INJUNCTION—*Jury Trial—Not a Matter of Right.* A jury trial is not a matter of right in an action for an injunction.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed April 10, 1920. Affirmed.

*J. M. Mason,* and *Paul H. Ditzen,* both of Kansas City, for the appellants.

*J. H. Brady,* and *A. J. Mellott,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:   This appeal by the plaintiffs and defendant Benham C. Nelson is from an order dismissing the action for want of prosecution.   The cause has been in this court before. (*Nelson v. Hoskinson,* 103 Kan. 46, 172 Pac. 993.)   Two propositions are argued.   One is that the court erred in refusing to grant a change of venue on the application of Winfield S. Nelson; the other is that the court erred in refusing to continue the trial of the cause on the application of Benham C. Nelson.

1.   The application of Winfield S. Nelson for a change of venue stated,   .

"that the plaintiffs and this affiant believe that they cannot have a fair and impartial trial before the above entitled court, on account of the bias and prejudice of the judge of said court."

Section 57 of the code of civil procedure gives the right to a change of venue where "the judge is interested or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or otherwise disqualified to sit." (Gen. Stat. 1915, § 6947.)   Questions arising under this statute, on account of the bias and prejudice of the trial judge, have been before this court on a number of occasions.   In *In re Smith,* 73 Kan. 743, 747, 85 Pac. 584, this language is used:

"If mere fear of prejudice in a judge would warrant a change of venue the applications therefor would be numerous."

The first paragraph of the syllabus in *The State v. Tawney,* 81 Kan. 162, 105 Pac. 218, reads:

"A court is not compelled to grant a change of venue upon the affidavit of the defendant alleging prejudice of the judge, although no counter affidavit or proof is filed, where the judge is satisfied that his mind is free from prejudice and that the statements in the defendant's affidavit are without foundation."   .

In *Hanson v. Hanson,* 86 Kan. 622, 122 Pac. 100, this court said:

"As to the bias and prejudice of the judge, the court was not bound to consider only the statements in the affidavits of the appellant, but could also take into consideration his own consciousness of the facts, and, knowing his own mind and feelings, he could overrule the application on the ground that the facts stated were not true.   The allowance or refusal of an application for a change of venue is a matter resting largely

in the sound discretion of the court, and error will not be predicated thereon unless there is good ground for believing that the appellant has been prejudiced by the refusal to grant the request." (p. 624.)

In *The State v. Sexton,* 91 Kan. 171, 136 Pac. 901, the second paragraph of the syllabus reads:

"When a trial judge is conscious that he has no prejudice against a defendant he is justified in refusing a change of venue asked for on the ground that he is prejudiced."

The question was again considered in *Hanson v. Kendt,* 94 Kan. 310, 146 Pac. 1190, where the rule declared in the cases cited above was adhered to. (See, also, *Bank v. Grisham,* 105 Kan. 460, 185 Pac. 54.) The trial judge probably was conscious that he entertained no prejudice against any party to this action. It was not error to overrule the application for a change of venue.

2. The former appeal in this action was from a judgment sustaining a demurrer to the petition. On October 17, 1918, after the action was remanded, defendant Jennie Hoskinson filed an answer; and on October 22, 1918, defendant Benham C. Nelson filed a motion asking the court for permission to file an answer. That motion seems not to have been heard, and Benham C. Nelson did not answer. It appears that the motion, by rule of court, could have been heard on three days' written notice to the adverse party or his attorney, if either resided in Kansas City, but, if neither resided there, by posting such notice in a conspicuous place in the office of the clerk of the district court or by mailing the notice to the adverse party or his counsel at his last known address. It also appears that there was some difficulty in ascertaining who were the attorneys for defendant Jennie Hoskinson.

When the cause was called for trial, on July 15, 1919, defendant Benham C. Nelson objected to going to trial for the reason that the action was not at issue. That objection was overruled. Benham C. Nelson then filed a motion for a continuance on the following grounds:

"1. That he cannot, for want of material testimony which he has been unable to procure, safely proceed to trial.

"2. That this defendant has been surprised by the conduct of the defendant, Jennie Hoskinson, and her attorneys in demanding an immediate trial at this time, when for a long period of time they took no action whatever in this cause.

"3. That this defendant's attorney, on account of not having been notified of the intention of the defendant, Jennie Hoskinson, to proceed to trial at this time, has not been able to make any adequate preparation for the trial of this case, and has had no opportunity to talk with the witnesses, and to study the law bearing on this case."

This motion was denied. Benham C. Nelson then filed his answer in which he asked for affirmative relief. From the record, this court must conclude that the action was then called for trial. Benham C. Nelson stated that he was not prepared to go to trial at that time. The action was then dismissed for want of prosecution.

Section 314 of the code of civil procedure provides that, "The court may for good cause shown continue an action at any stage of the proceedings upon such terms as may be just." (Gen. Stat. 1915, § 7216.) Section 315 of the code of civil procedure reads:

"A motion for a continuance on account of the absence of evidence can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true. If thereupon the adverse party will consent that on the trial the facts alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, no continuance shall be granted on the ground of the absence of such evidence." (Gen. Stat. 1915, § 7217.)

The application for a continuance, so far as the absence of evidence was concerned, did not comply with the statute. The second ground of the application, surprise that Jennie Hoskinson demanded an immediate trial, was not a sufficient ground for a continuance. The cause had been remanded by this court to the district court and had been there pending almost one year. During that time Benham C. Nelson should have obtained leave to file his answer, and he and the plaintiffs should have prepared for trial. In *Bliss v. Carlson,* 17 Kan 325, this language is found:

"The matter of continuance is largely within the discretion of the trial court, and its ruling thereon will be sustained unless it appears that such discretion has been abused." (Syl.)

Numerous other decisions of this court to the same effect might be cited, but it is not deemed either necessary or expedient to do so. Under the circumstances, the court was justified in dismissing the action for want of prosecution.

3. It is urged that the court erred in overruling an application for a jury trial. When the action was in this court before, all jury questions were eliminated, and the cause was remanded to try the right to an injunction. The parties were not entitled to a jury on the trial of that question. (*Sword v. Allen,* 25 Kan. 67; *City of Emporia v. Soden,* 25 Kan. 588.) The request for a jury was coupled with an application for a continuance to which the parties making the application were not entitled.

The judgment is affirmed.