No. 30,203.

F. E. GERMANN, *Appellee,* v. C. G. PAGE et al., *Appellants.*

(10 P. 2d 830.)

Opinion filed May 7, 1932.

*W. E. Mahin,* of Norton, *Frank J. Horton,* of Goodland, *Clement L. Wilson,* of Tribune, and *A. P. Tone Wilson,* of Burlington, Colo., for the appellants.

*George D. Freeze,* of Goodland, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This was an action to recover damages growing out of the sale of diseased hogs. The plaintiff recovered, and the defendants appeal.

The appellants were on and for many years prior to October 16, 1927, engaged in buying and selling hogs at Kanorado, Kan. On October 16, 1927, the appellants had in the stockyards a number of hogs which had been purchased by them in that community. On that date one of the appellants solicited the appellee to purchase nine head of hogs described as "thin sows." The appellee inspected the hogs and inquired about their origin, as he had heard that there was hog cholera in the vicinity of Coolney's. He was informed that the hogs came from the neighborhood of Idalia and that the original seller had been hailed out, which accounted for the condition of the hogs and the reason for their being on the market. The appellee purchased the hogs and gave his check for $145. The following day he removed the hogs to his farm by truck, a distance of about twenty-five miles. A witness who saw the hogs in the stockyard testified: "Well, they seemed to not be in a healthy condition; they acted sick and droopy." When the hogs were unloaded in appellee's pens two or three of them refused to eat. He discovered in a few days that the hogs were sick and on the following Monday called a veterinarian, who diagnosed the trouble as hog cholera in an advanced stage. The veterinarian testified that the incubation period of infection was about four days, that a person not familiar with hogs

probably would not notice anything wrong within a week from the time of the direct infection. The appellants were advised immediately of the condition of the hogs and when told that the hogs were sick, and asked where they were originally purchased one of them said: "I just don't know where they did come from, but it kinda runs in my mind these hogs came from Coolney's." There was other evidence to the effect that during the time the hogs were in the stockyards they showed signs of sickness and a lack of inclination to eat. On this evidence the jury found for the appellee.

The principal contention of the appellants is that the evidence was insufficient to support the verdict of the jury. The jury was properly instructed. The law is that any person who sells hogs infected with cholera with knowledge of such infection, or notice of such facts that would put a prudent person upon inquiry—and a reasonable inquiry prosecuted by him would lead to the knowledge of such infection before the sale—is liable to the purchaser for damages resulting from the sale of such infected hogs. (R. S. 47-603; *Chessman v. Felt*, 92 Kan. 688, 142 Pac. 285.) The appellants were experienced hog buyers, and the evidence, we think, was sufficient to put a prudent person upon inquiry, which, under the evidence in this case, would have led to the discovery that the hogs were infected with cholera. There was, of course, conflicting testimony which was weighed by the jury and the trial court approved the verdict, and its conclusion will not be disturbed by this court.

Appellants complain that the court erred in the admission of certain testimony. We have examined the testimony and find that there is no merit in this contention.

The judgment is affirmed.